1 | Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
2 | Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
3 | BLAKELY LAW GROUP
915 North Citrus Avenue
4 | Los Angeles, California 90038
Telephone: (323) 464-7400
5 | Facsimile: (323) 464-7410

6 | **Attorneys for Plaintiffs**
**Coach, Inc. and Coach Services, Inc.**
7 |

```
 ____ FILED      ____ LODGED
 ____ RECEIVED        COPY

      JUL 0 2 2013

 CLERK U S DISTRICT COURT
    DISTRICT OF ARIZONA
 BY _____ B  DEPUTY
```

8 | UNITED STATES DISTRICT COURT

9 | DISTRICT OF ARIZONA

10 |

**CV-13-01330-PHX-ROS**

| | |
|---|---|
| 11  COACH, INC., a Maryland Corporation;  COACH SERVICES, 12  INC., a Maryland Corporation, | CASE NO. **COMPLAINT FOR DAMAGES** |
| 13                      Plaintiffs, 14          vs. | 1.  **TRADEMARK COUNTERFEITING** |
| 15  I WEAR SUNGLASSES, an unknown business entity; KAREN JACKSON, an 16  individual; and DOES 1-10, inclusive, Defendants. | 2.  **FEDERAL TRADEMARK INFRINGEMENT** |
| 17 | 3.  **TRADE DRESS INFRINGEMENT** |
| 18 | 4.  **FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS** |
| 19 20 | 5.  **FEDERAL TRADEMARK DILUTION** |
| 21 | 6.  **TRADEMARK DILUTION UNDER CALIFORNIA LAW** |
| 22 23 | 7.  **COMMON LAW UNFAIR COMPETITION** |
| 24 | 8.  **COPYRIGHT INFRINGEMENT** |
| 25 26 | **[JURY TRIAL DEMANDED]** |
| 27 | |
| 28 | |

Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach" or "Plaintiffs") for their claims against Defendants I Wear Sunglasses, and Karen Jackson, (collectively "Defendants") respectfully allege as follows:

## JURISDICTION AND VENUE

1.  Plaintiffs file this action against Defendants for trademark counterfeiting, trademark infringement, trade dress infringement, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), copyright infringement under 17 U.S.C. § 101, et seq., and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California.

2.  This Court has subject matter jurisdiction over the Federal trademark counterfeiting, infringement, and dilution claims and the Federal copyright infringement claim under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

3.  This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district, and the acts complained of occurred in this judicial district.

4.  This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5.  Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Plaintiffs Coach, Inc. and Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

6.    Upon information and belief, Defendant I Wear Sunglasses is an unknown business entity with a principal place of business located at 1613 South 4th Avenue Yuma, AZ 85364-5608.

7.    Upon information and belief, Defendant Karen Jackson is the owner of I Wear Sunglasses and is domiciled at 5364 East 47th Street, Yuma, AZ 85365-7657.

8.    Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9.    Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    Coach's Family of Trademarks, Logos, and Designs

10.    Coach was founded more than seventy years ago as a family-run workshop in a Manhattan loft. Since that time, Coach has been engaged in the manufacture, marketing, and sale of fine leather and mixed material products including

1  handbags, wallets, travel cases, briefcases, planners and diaries, leather goods,

2  watches, eyewear, footwear, apparel, and accessories.

3      11.    Coach is the worldwide owner of the trademark "COACH" and various

4  composite trademarks and assorted design components (collectively "Coach Marks").

5  Coach Marks include but are not limited to the following marks:

| Mark | U.S. Registration No(s). | Registration Date |
|---|---|---|
| "COACH" | 751, 493 | 06/25/1963 |
|  | 1,071,000 | 08/09/1977 |
|  | 2,088,706 | 08/19/1997 |
|  | 3,157,972 | 10/17/2006 |
| *Coach* est.1941 | 3,413,536 | 04/15/2008 |
| COACH est.1941 (circle mark) | 3,251,315 | 06/12/2007 |
| COACH LEATHERWARE EST. 1941 (carriage mark) | 3,441,671 | 06/03/2008 |
| COACH | 2,252,847 | 06/15/1999 |
|  | 2,534,429 | 01/29/2002 |
| COACH | 1,309,779 | 12/18/1984 |
|  | 2,045,676 | 03/18/1997 |
|  | 2,169,808 | 06/30/1998 |
| "CC Mark" | 2,592,963 | 07/09/2002 |
|  | 2,626,565 | 09/24/2002 |
|  | 2,822,318 | 03/16/2004 |
|  | 2,832,589 | 04/13/2004 |
|  | 2,822,629 | 03/16/2004 |
|  | 3,695,290 | 10/13/2009 |

| | 3,012,585 | 11/08/2005 |
| | 3,338,048 | 11/11/2007 |
| | 2,162,303 | 06/02/1998 |
| | 2,088,707 | 08/19/1997 |

12.     Many of Coach's products exhibit composites of the CC Mark (depicted above) in an assortment of different sizes, patterns, and colors ("CC Design")

13.     Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks.  These registrations are valid and subsisting and are incontestable.  Through longstanding use, advertising, and registration, many of the Coach Marks have achieved a high degree of consumer recognition and constitute famous marks.

14.     Coach and its predecessors have continuously used the Coach Marks and CC Design in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods for several decades.

15.    Coach and its predecessors have achieved sales volumes of over five billion dollars annually from goods bearing the Coach Marks and CC Design.  As such, the goodwill associated therewith are valuable assets of Coach.

16.    Coach and its predecessors have expended over a hundred million dollars in advertising, promoting, and marketing goods featuring the Coach Marks and Coach Designs.

17.    Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Coach Marks and CC Design have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.  The arbitrary and distinctive Coach Marks identify Coach as the source/origin of the goods on which they appear.

**B.    Defendants' Infringing Conduct**

18.    In or around May 2013, Coach discovered that products bearing marks and designs identical and/or substantially indistinguishable from the Coach Marks were being offered for sale by Defendant I Wear Sunglasses through its retail storefronts located at 1613 South 4th Avenue Yuma, AZ.  Such infringing products include but are not limited to the products depicted below alongside comparable authentic Coach products:

| Defendants' Infringing Product | Coach's Authentic Product |
| --- | --- |
|  |  |
|  |  |

19.    Upon information and belief, the Defendant Karen Jackson is the active, moving, conscious force behind the alleged infringing activities.

20.    Defendants are not authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally registered trademarks and copyrights.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting as to All Defendants)

21.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

22.    Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Marks in interstate commerce.

23.    The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' counterfeit products are genuine or authorized products of Coach.

24.    Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

25.    Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

26.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

27.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

28.    Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

29.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by

Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement as to All Defendants)

30.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31.     Plaintiffs' Coach Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

32.     The registrations embodying the Coach Marks are in full force and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell merchandise with these marks.

33.     Defendants' unauthorized use of the Coach Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and serves are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by the Coach Marks.

34.     Defendants' infringing use of the Coach Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

35.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

36.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure

1   Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs'

2   trademarks.

3       37.    As a direct and proximate result of Defendants' willful and unlawful

4   conduct, Plaintiffs have been injured and will continue to suffer injury to their business

5   and reputation unless Defendants are restrained by this Court from infringing

6   Plaintiffs' trademarks.

7       38.    Plaintiffs have no adequate remedy at law.

8       39.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

9   prohibiting Defendants from using the Coach Mark, or any marks identical and/or

10  confusingly similar thereto, for any purpose, and to recover from Defendants all

11  damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a

12  result of such infringing acts, and all gains, profits and advantages obtained by

13  Defendants as a result thereof, in an amount not yet known, as well as the costs of this

14  action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to

15  15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

16                      **THIRD CLAIM FOR RELIEF**

17              **(Trade Dress Infringement as to All Defendants)**

18      40.    Plaintiffs incorporate herein by reference the averments of the preceding

19  paragraphs as though fully set forth herein.

20      41.    The Coach Marks are nonfunctional and its inherently distinctive quality

21  has achieved a high degree of consumer recognition and serves to identify Coach as

22  the source of high quality goods.

23      42.    Defendants' unauthorized use of the Coach Marks on its merchandise in

24  interstate commerce and advertising relating to same constitutes false designation of

25  origin and a false representation that the goods and services are manufactured, offered,

26  sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from

27  the same source as Plaintiffs' goods when in fact they do not.

28

43.   Defendants' use of the Coach Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

44.   Defendants' use of the Coach Marks is likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

45.   Plaintiffs have no adequate remedy at law.

46.   In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks, or any designs identical or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions as to All Defendants)

47.   Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

48.   The Coach Marks are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods.

49.   Defendants' unauthorized use of Plaintiffs' Coach Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

50. Defendants' use of Plaintiffs' Coach Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

51. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

52. Plaintiffs have no adequate remedy at law.

53. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Coach Marks, or any marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Federal Trademark Dilution as to All Defendants)

54. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

55. Plaintiffs' Coach Marks are "famous" within the meaning of the Lanham Act.

56. Defendants have used in commerce in connection with the sale of their products counterfeit reproductions and/or marks confusingly similar to the Coach Marks, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiffs or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiffs.

57. Defendants' acts described above have diluted and continue to dilute Plaintiffs' unique and distinctive trademarks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing

1  damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury

2  to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs'

3  trademarks.

4      58.    Upon information and belief, Defendants' unlawful actions began long

5  after Plaintiffs' Coach Marks became famous.

6      59.    Upon information and belief, Defendants acted knowingly, deliberately

7  and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs'

8  Coach Marks. Defendants' conduct is willful, wanton and egregious.

9      60.    Plaintiffs have no adequate remedy at law to compensate it fully for the

10  damages that have been caused and which will continue to be caused by Defendants'

11  unlawful acts, unless they are enjoined by this Court.

12      61.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

13  prohibiting Defendants from using the Coach Marks, or any marks and/or designs

14  confusingly similar thereto, and to recover all damages, including attorneys' fees, that

15  Plaintiffs have sustained and will sustain, and all gains, profits and advantages

16  obtained by Defendants as a result of their infringing acts alleged above in an amount

17  not yet known, and the costs of this action.

18  ## SIXTH CLAIM FOR RELIEF

19  **(Trademark Dilution in Violation of California Bus. & Prof. Code**

20  **as to All Defendants)**

21      62.    Plaintiffs incorporate herein by reference the averments of the preceding

22  paragraphs as though fully set forth herein.

23      63.    Plaintiffs' Coach Marks are distinctive in the state of California by virtue

24  of their substantial inherent and acquired distinctiveness and extensive use, advertising

25  and wide spread publicity of the marks in the state of California.

26      64.    The actions of Defendants complained of herein are likely to injure the

27  business reputation and dilute the distinctive quality of Plaintiffs' trademarks which

28  are famous.

65.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

66.    By reason of the foregoing, Plaintiffs are being damaged by Defendants' unauthorized and illegal use of Plaintiffs' trademarks in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined under Section 14247 of the California Business and Professions Code from using any of Plaintiffs' trademarks.

67.    Plaintiffs will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

68.    Plaintiffs have no adequate remedy at law.

69.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks, or any marks and/or designs identical and/or confusingly similar thereto, for any purpose, destruction of the counterfeit Coach merchandise, and to recover up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing Coach products.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition as to All Defendants)

70.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

71.    Plaintiffs own and enjoy common law trademark rights to the Coach Marks in California and throughout the United States.

72.    Defendants' unlawful acts in appropriating rights in Plaintiffs' common law trademarks were intended to capitalize on Plaintiffs' goodwill for Defendants' own pecuniary gain.  Plaintiffs have expended substantial time, resources and effort to

obtain an excellent reputation for itself and its family of Marks.  As a result of Plaintiffs' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiffs.

73.   Defendants' unauthorized use of Plaintiffs' Coach Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

74.   Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

75.   Defendants' acts constitute unfair competition under California common law.

76.   Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

77.   The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

78.   Plaintiffs have no adequate remedy at law.

79.   In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Coach Marks, or marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

# EIGHTH CLAIM FOR RELIEF
## (Copyright Infringement)

80.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

81.    Coach is the owner of a copyright registration to the Op Art Design (U.S. Reg. No. VA 1-694-574)

82.    Coach is entitled to exclusive use of the copyrighted Op Art Design without the unauthorized use by third parties.

83.    Given the widespread popularity of the Op Art Design and the striking similarity between the designs on Defendants' products and the Op Art Design, Defendants had access to said designs and, upon information and belief, Defendants have knowingly infringed upon said marks by manufacturing, distributing, advertising and selling piratical copies of the designs to the public in violation of 17 U.S.C. § 501.

84.    Upon information and belief, Defendants have intentionally, knowingly and willfully copied Plaintiffs' Op Art Design in order to personally benefit from the widespread customer recognition and acceptance of said designs, and to capitalize upon the market created by said designs.

85.    Upon information and belief, the aforesaid infringements by Defendants of Plaintiffs' copyrighted works occurred and continue to occur with the knowledge that such designs are copyrighted and the Defendants, in committing the acts complained of herein, have willfully infringed upon Plaintiffs' rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

86.    Defendants' infringement of Plaintiffs' copyrighted works is to the great and irreparable damage of Plaintiffs, and Plaintiffs are informed and believe, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

87.   Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

88.   Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants as follows:

A.   Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1)   Using the Coach Marks, or any marks confusingly similar thereto, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(2)   Using any of Coach's federally registered trademarks, copyrighted works, and/or designs in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(3)   Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with, Coach;

(4)   Otherwise infringing upon Coach's federally registered trademarks, copyrighted works, and/or trade dresses;

(5)   Otherwise diluting Coach's federally registered trademarks, copyrighted works, and/or trade dresses;

(6)   Unfairly competing with Coach.

B.   Awarding actual damages suffered by Plaintiffs as a result of Defendants' acts;

C.      Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D.      Ordering Defendants to disgorge their profits;

E.      Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a).

F.      Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

G.      Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505.

H.      Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 501.

I.      Awarding Plaintiffs punitive damages in connection with their claims under California law; and

J.      Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated:  June 26, 2013

BLAKELY LAW GROUP

By:  _____

Brent H. Blakely
Michael Marchand
*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.


Dated:  June 26, 2013

BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Michael Marchand
*Attorneys for Plaintiffs*
*Coach, Inc. and Coach Services, Inc.*

COMPLAINT FOR DAMAGES